IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Theresa Costanza, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15 C 10883 |
| Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Theresa Costanza, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Theresa Costanza ("Costanza"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for an Applied Bank credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Control is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Credit Control is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Costanza is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for an Applied Bank credit card. When Credit Control began trying to collect this debt from Ms. Costanza, by sending her a collection letter, dated November 12, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Credit Control's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on December 18, 2013, one of Ms. Costanza's attorneys at LASPD informed Credit Control, in writing, that Ms. Costanza was represented by counsel, and directed Credit Control to cease contacting her, and to cease all further collection activities because Ms. Costanza was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant Credit Control sent a collection letter, dated April 7, 2015, directly to Ms. Costanza, which demanded payment of the Applied Bank debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on May 29, 2015 one of Ms. Costanza's LASPD attorneys had to write to Defendant Credit Control to yet again demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit F.

11. Undeterred, Defendant Credit Control sent yet another collection letter, dated October 7, 2015, directly to Ms. Costanza, which demanded payment of the Applied Bank debt. A copy of this collection letter is attached as Exhibit G.

12. Accordingly, on November 29, 2015 one of Ms. Costanza's LASPD attorneys had to write to Defendant Credit Control to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit H.

11. Defendant Credit Control's collection actions complained of herein (Exhibits E and G) occurred within one year of the date of this Complaint.

3

12. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letters from Ms. Costanza's agent/attorney, LASPD, told Defendant Credit Control to cease communications and cease collections (Exhibits D and F). By continuing to communicate regarding this debt and demanding payment (Exhibits E and G), Defendant Credit Control violated § 1692c(c) of the FDCPA.

16. Defendant Credit Control's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can

readily ascertain such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Credit Control knew that Ms. Costanza was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits D and F), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with her. By directly sending Ms. Costanza the letters (Exhibits E and G), despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20. Defendant Credit Control's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Theresa Costanza, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Costanza, and against Defendant Credit Control, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Theresa Costanza, demands trial by jury.

Theresa Costanza,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  December 3, 2015

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com